IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HUBBARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RAY L. HUBBARD, APPELLANT.

Filed August 23, 2016.    No. A-16-060.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge.
Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Leanne M. Srb for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Ray L. Hubbard appeals his plea-based convictions for manslaughter and possession of a deadly weapon by a prohibited person. On appeal, he asserts that the district court abused its discretion in denying his motion to withdraw his plea, and in imposing excessive sentences. He also asserts that he received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

### BACKGROUND

On September 30, 2014, Hubbard was charged by information with: Count I, second degree murder; Count II, use of a deadly weapon (firearm) to commit a felony; and, Count III, possession of a deadly weapon by a prohibited person.

- 1 -

On October 9, 2015, Hubbard entered pleas of no contest to the charges of manslaughter and possession of a deadly weapon by a prohibited person. As part of the agreement, the State amended Count I and agreed to dismiss the allegations in Count II of the information. The State also agreed to dismiss the charges against Hubbard in another case, and did not file charges against Hubbard as a habitual criminal.

The State provided the following factual basis:

On August, 30, 2014, here in Douglas County, Nebraska, the defendant had an altercation with his father while in a vehicle. During the course of the altercation, the defendant got his hands on a firearm that was located in the car. While this altercation was occurring, the victim, L.B. Liggins, came out and had a confrontation with the defendant. The defendant pulled a gun on Mr. Liggins. Mr. Liggins was also in the possession of a box cutter during this fight that the two of them had. During this fight, the defendant shot Mr. Liggins several times. An autopsy was conducted on Mr. Liggins following this incident, and the pathologists determined that Mr. Liggins died of the gunshot wounds he sustained in the altercation that he had with the defendant. All events occurred here in Douglas County, Nebraska.

As to the defendant's prohibited person status, on Count III of the Amended Information, the State will offer what the court reporter has marked as Exhibit 1, a certified document from the Clerk of the Douglas County District Court at Docket 183, page 525, which showed following a jury trial, the defendant was convicted of assault by strangulation and false imprisonment in the first degree. Following that conviction, the defendant was sentenced by Judge Mullen on March 14, 2011. I offer Exhibit 1.

The court confirmed that Hubbard understood the terms of the plea agreement, and verified that the pleas were given freely, knowingly, intelligently, and voluntarily. The court found Hubbard guilty of the charges in Counts I and III, and ordered a pre-sentence investigation report.

Hubbard filed a motion to withdraw his plea. A hearing on the motion was held on November 5, 2015. Hubbard stated that he wanted to vacate his plea, alleging that he had not understood the possible penalties for his crimes. He stated that he wanted to go to trial to exonerate himself, and that he felt pressured or threatened to take "the deal." After reviewing the record, the court denied the motion, finding that Hubbard did not have a fair and just reason to withdraw his plea.

On December 16, 2015 Hubbard was sentenced 18 to 20 years' imprisonment for the manslaughter charge, and 18 to 20 years' imprisonment for the charge of possession of a deadly weapon by a prohibited person. The sentences were ordered to be served consecutively, and Hubbard was given credit for 472 days served.

## ASSIGNMENTS OF ERROR

Hubbard asserts that (1) the district court abused its discretion in denying his motion to withdraw his plea, (2) the district court imposed excessive sentences, and (3) he received ineffective assistance of trial counsel.

## STANDARD OF REVIEW

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. DeJong,* 292 Neb. 305, 872 N.W.2d 275 (2015). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Trice,* 292 Neb. 482, 874 N.W.2d 286 (2016). An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.*

## ANALYSIS

*Withdrawal of Plea.*

Hubbard filed a motion to withdraw his pleas. At the hearing on his motion, Hubbard asserted that at the time of his plea, he had not understood the possible penalty for pleading no contest to possession of a deadly weapon by a prohibited person. He stated that he wanted to go to trial to exonerate himself and that at the time of the plea he felt threatened to "[take] the deal." The court overruled Hubbard's motion, finding he did not have a fair and just reason to withdraw the plea.

Hubbard asserts that the district court erred in denying his motion. The Nebraska Supreme Court has held that the right to withdraw a plea previously entered is not absolute, and in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *State v. Ortega,* 290 Neb. 172, 859 N.W.2d 305 (2015). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

To support a finding that a plea has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *State v. Ortega, supra.*

In this case, the court complied with all of these requirements. The record affirmatively establishes that Hubbard understood the nature of the plea hearing and the effect of his pleas. He confirmed his understanding of the charges, his right to counsel, the effect of pleading no contest, and the possible penalties. The court specifically asked whether Hubbard understood that possession of a deadly weapon by a prohibited person has a maximum penalty of up to 50 years' imprisonment, and that there was a mandatory minimum of three years' imprisonment for the charge. Hubbard stated "I understand, yes." Hubbard stated that he understood the sentences for the two charges could run concurrently or consecutively, at the discretion of the court. Hubbard stated in light of all of this information, he still wanted to enter pleas of no contest, and that his pleas were entered freely, knowingly, intelligently, and voluntarily.

We find no abuse of discretion in the court's refusal to permit the withdrawal of Hubbard's pleas.

*Excessive Sentence.*

Hubbard asserts the district court erred by imposing an excessive sentence. He argues that the trial court did not consider all of the mitigating factors, and that a careful consideration of these factors would support a lesser sentence.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Trice, supra.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.* An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Casillas,* 279 Neb. 820, 782 N.W.2d 882 (2010).

Hubbard was convicted of manslaughter, a Class III felony. Neb. Rev. Stat. § 28-305 (Reissue 2008). A Class III felony is punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both, and a minimum sentence of 1 year imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Hubbard received a sentence of 18 to 20 years' imprisonment. Hubbard was convicted of possession of a deadly weapon (firearm) by a prohibited person, a Class ID Felony. Neb. Rev. Stat. § 28-1206(1)(a) & (3)(b) (Cum. Supp. 2014). A Class ID Felony is punishable by a maximum sentence of 50 years' imprisonment and a mandatory minimum sentence of 3 years' imprisonment. Neb. Rev. Stat. § 28-105. Hubbard was sentenced to 18 to 20 years' imprisonment. Both sentences were within the statutory limits.

Hubbard asserts the district court should have considered all of the struggles that he encountered in his life including the lack of positive role models and the recent deaths and difficulties of several members of his family. He argues the trial court should have considered his social and cultural background and the mental disturbance that he suffered arising from an automobile accident in 2014.

The record shows the trial court specifically stated that the factors set forth in *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013), and *State v. Thurman*, 273 Neb. 518, 730 N.W.2d 805 (2007), were considered in determining the sentences imposed. See also *State v. Trice, supra*. The court highlighted Hubbard's multiple convictions for violent crimes and the fact that Hubbard had multiple convictions for crimes which were committed prior to accident in 2014. The court considered Hubbard's age, experience, mentality and the seriousness of the crimes in this case. The court determined that the sentences imposed were appropriate under the circumstances, and a lesser sentence would depreciate the seriousness of Hubbard's crimes.

As part of his presentence investigation, a face-to-face interview was conducted using the Level of Service/Case Management Inventory (LS/CMI). The presentence investigation report indicates that Hubbard scored in the "very high" risk range for criminal history, companions, alcohol/drug problems, procriminal attitude/orientation and antisocial pattern categories and the

"high risk" range for education/employment, family/marital and leisure/recreation. The report recommended a lengthy sentence of incarceration to promote accountability for his offenses and to provide Hubbard with any and all services which were deemed to be appropriate.

The record indicates that the court considered the appropriate factors. Having reviewed the record and the presentence investigation report, we find no evidence that the trial court abused its discretion in imposing sentences within the statutory limits.

*Ineffective Assistance of Counsel.*

Hubbard asserts his trial counsel was deficient for recommending that Hubbard "accept a plea bargain which resulted in a large sentence when the Defendant could have prevailed at trial and been exonerated."

In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares,* 291 Neb. 150, 864 N.W.2d 667 (2015).

The record shows that Hubbard was aware that he had the right to proceed to trial and the right to counsel at all times. He confirmed that his pleas were made freely, knowingly, voluntarily, and intelligently. Hubbard chose to plead to the charges, and his trial counsel stated that he believed the pleas were in Hubbard's best interests.

As part of the plea bargain, the charge of second degree murder, a Class IB felony, was amended to manslaughter, a Class III Felony, thereby allowing Hubbard to plead to a far less serious offense. A Class IB felony carried a potential sentence of a minimum of 20 years' imprisonment and a maximum of life imprisonment, while the potential penalty for a Class III was a maximum of 20 years' imprisonment, a $25,000 fine, or both, and a minimum of one year imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). The State also dismissed the charge of use of a deadly weapon to commit a felony, and dismissed the charges of assault by strangulation and false imprisonment in another case. Further, Hubbard avoided the charge of being a habitual criminal. The plea agreement clearly benefited Hubbard. Hubbard has not shown that trial counsel was deficient in recommending that he accept the plea agreement, or that he was prejudiced by his counsel's allegedly deficient performance.

## CONCLUSION

We find the district court did not abuse its discretion in overruling Hubbard's motion to withdraw his pleas or in imposing sentences within the statutory limits. Hubbard has not shown that his counsel was ineffective.

AFFIRMED.